UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Criminal No. 19- 537 (ES) |
| v. | : | |
| MARILYN DICKS | : | 18 U.S.C. § 641 |

**INFORMATION**

The defendant having waived in open court prosecution by indictment, the United States Attorney for the District of New Jersey charges:

At all times relevant to this Information, unless otherwise noted:

1. The United States Social Security Administration ("SSA") was an agency of the executive branch of the United States government. The SSA, among other things, maintained the Retirement, Survivors, and Disability Insurance ("RSDI") program under Title II of the Social Security Act, Title 42, United States Code, Section 401 et seq., for eligible individuals. The RSDI program paid out benefits to certain eligible individuals ("SSA Benefits").

2. J.D. was born in 1915 and began collecting Title II Retirement Insurance Benefits ("RIB") in 1980. J.D. died on or about June 9, 2014.

3. Defendant MARILYN DICKS ("DICKS") was J.D.'s granddaughter and a resident of Plainfield, New Jersey.

1

Case 2:19-cr-00537-ES   Document 1   Filed 07/30/19   Page 2 of 6 PageID: 2

4. Beginning in July 2011, J.D.'s social security benefits were paid by direct deposit into a bank account ending in 6153 ("the 6153 account") for which DICKS was a co-account holder.

5. DICKS failed to notify the SSA of J.D.'s death. After J.D.'s death, neither DICKS nor any other individual was entitled to receive Title II Benefits on J.D.'s behalf. Because the SSA was not aware of J.D.'s death, between July 2014 and November 2017 the SSA continued to make monthly social security payments into the 6153 bank account for the benefit of J.D. At the time benefits were suspended in 2017, the SSA was paying $1,794 per month into the 6153 bank account. The SSA paid approximately $73,362 in unauthorized benefits after J.D.'s death in June 2014.

6. When the SSA discovered that J.D. was deceased in or around November 2017, there was a balance of approximately $9,000 remaining in the 6153 bank account, which represented the last five benefit payments from in or around July 2017 to in or around November 2017. DICKS spent the remaining funds on her own personal expenses. DICKS had accessed approximately $64,000 in social security funds from J.D.'s 6153 bank account for Dick's own use and benefit.

2

From in or about July 2014 through in or about June 2017, in Essex County, in the District of New Jersey and elsewhere, the defendant,

MARILYN DICKS,

did knowingly and intentionally embezzle, steal, purloin, and convert to her own use money of the United States and the SSA, in an amount greater than $1,000, to which she was not entitled.

In violation of Title 18, United States Code, Section 641.

## FORFEITURE ALLEGATION

1. The allegations contained in this Information are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 28, United States Code, Section 2461(c).

2. The United States hereby gives notice to the defendant that, upon conviction of the offense charged in this Information, the government will seek forfeiture, in accordance with Title 28, United States Code, Section 2461(c), and Title 18, United States Code, Section 981(a)(1)(C), of any and all property, real or personal, that constitutes or is derived from proceeds traceable to the violation of Title 18, United States Code, Section 641, alleged in this Information, including but not limited to a sum of money equal to at least $73,362 in United States currency.

3. If by any act or omission of the defendant, any of the property subject to forfeiture described in paragraph 2 herein:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

  e. has been commingled with other property which cannot be subdivided without difficulty,

the United States of America will be entitled to forfeiture of substitute property up to the value of the property described above in paragraph 2, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

*Craig Carpenito*
CRAIG CARPENITO
United States Attorney

CASE NUMBER: 19-

**United States District Court
District of New Jersey**

**UNITED STATES OF AMERICA**

v.

**MARILYN DICKS**

**INFORMATION FOR**

**18 U.S.C. § 641**

**CRAIG CARPENITO**
U.S. ATTORNEY, NEWARK, NEW JERSEY

**MERIAH H. RUSSELL**
*Special Assistant U.S. Attorney
Trenton, New Jersey
(609) 989-0562*